FARMER, J.
This dispute erupted between investors in a bail bond business, each suing the other for damages and control of two corporate entities.[1] One year into the litigation, Jaquith filed for relief under chapter 7 of the Bankruptcy Code. In the bankruptcy case, the Trustee sought permission to sell her interest in the corporations to Spath- — along with “any pre-petition [e.s.] claims or causes of action.” The Bankruptcy Court order approving the sale excluded only post-petition claims of Jaquith from that which had been sold. As a result, Spath dismissed his pending action against Jaquith because he had now acquired all of her interest in the company.
While the Bankruptcy case was pending and before the entry of the order approving the Trustee’s sale, the Florida Department of Insurance initiated license disciplinary proceedings against Jaquith. She alleges that these administrative proceedings were instigated by Spath out of animosity towards her.
Later, after the Bankruptcy sale, Ja-quith amended her counterclaims in the previously stayed civil case to causes of action outside of the scope of the property sold to Spath. In turn Spath moved for summary judgment on all of Jaquith’s revised claims.[2] Both supported their posi *503 tion with affidavits and memoranda. She also filed procedural and evidentiary objections and other documents. The trial court granted summary judgment, reciting some of the procedural history, but did not state conclusions of law, and made no express rulings on Jaquith’s various objections and motions to strike. Jaquith now appeals, arguing that Spath failed to file a proper and adequately specific motion for summary judgment, failed to meet his burden of proof to obtain a proper summary judgment, failed to submit admissible evidence, improperly filed and brought to the attention of the trial judge prejudicial materials (including unaccepted settlement proposals), and did not establish that her opposing factual and legal arguments were insufficient to avoid summary judgment.
We are unable to find prejudicial error. The judgment is founded on a conclusion that all of Jaquith’s amended claims actually relate to pre-Bankruptcy petition conduct. The Bankruptcy sale transferred all claims based on pre-petition conduct to Spath, so no causes of action based on such conduct survived the Bankruptcy sale and discharge. We also agree with the trial court’s implicit conclusion that Jaquith’s procedural arguments are either unsustainable or are immaterial and thus harmless.

Affirmed.

GUNTHER and WARNER, JJ., concur.

. They are A-All Night Bail Bond, Inc., and A AAchen Express Bail Out, Inc.

. She alleged breach of a shareholder agreement, tortious interference re her shareholder *503 rights, malicious prosecution and abuse of process regarding the license disciplinary proceedings, and intentional infliction of emotional distress for essentially the same conduct.